# United States Court of Appeals for the Fifth Circuit

No. 21-10984
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER MENDOZA-FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-8-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

After pleading guilty to prohibited possession of a firearm and possession of methamphetamine with intent to distribute, Javier Mendoza-Flores was sentenced within the Guidelines range to concurrent prison terms

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10984

of 170 months and 120 months with three years of supervised release. On appeal, he argues that his guilty plea was involuntary.

Our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002); *United States v. Sanders*, 843 F.3d 1050, 1053–54 (5th Cir. 2016). To prevail under the plain-error standard, Mendoza-Flores must show (1) an error that, (2) is clear or obvious, and that (3) affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We should correct a plain error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

Mendoza-Flores concedes that the requirements of Federal Rule of Criminal Procedure 11 were observed at his rearraignment, where he affirmed under oath that (1) no one was forcing him to plead guilty, (2) he had received no promises or assurances beyond those in his plea agreement, and (3) he wanted to plead guilty. Such statements "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mendoza-Flores has failed to overcome that presumption.

Accordingly, we AFFIRM.